UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TERAL SHERMAN,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>JAMES S. HILL, Warden,<br><br>　　　　　　Respondent. | No. 2:22-cv-04683-SSS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On July 8, 2022, the Court received from Petitioner Teral Sherman ("Petitioner"), an inmate at California Institution for Men, Chino ("Prison") who is proceeding pro se and seeking leave to proceed in forma pauperis, a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 challenging a guilty finding in a disciplinary rule violation resulting in the loss of 120 days of earned good conduct credits.[1] Dkt. 1 ("Petition" or "Pet.") at 3, 20 (CM/ECF pagination); Dkt. 2 ("IFP Request").

---

[1] Petitioner concurrently filed a civil rights complaint under 42 U.S.C. § 1983 (Sherman v. Hill, 5:22-cv-01211-SSS-JDE (C.D. Cal.)).

1

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has identified numerous deficiencies with the Petition, as outlined below, and thus orders Petitioner to show cause as to why this Petition should not be dismissed.

## II.
## PETITIONER'S CLAIMS

Petitioner characterizes his single claim as follows: "Superior Court judge failed to address Petitioner's appeal/claim that [Lieutenant] Torres used false evidence in his guilty findings to justify actual possession violates Petitioner's right to due process right on an appeal." Pet. at 3. In support, he alleges prison staff charged him with a violation of rule no. 3016(c) for "unauthorized possession of contraband" after a correctional officer found a syringe taped to the bottom of his locker during a February 2021 search of his dorm. Id. at 3, 14, 17-18 (copy of Rules Violation Report ("RVR") log no. 7062144). Petitioner claims prison staff thereafter found him guilty of "constructive possession" of contraband, which they later changed to "actual possession" of contraband following the rules violation hearing at which Lt. Torres presented false evidence. Id. at 14. Petitioner contends Lt. Torres falsely stated that Petitioner had been working for "HFM"[2] at the time of the rule violation, but Petitioner asserts Prison records show him working at D-Culinary at that time. Id. at 3. Petitioner explains this falsehood is relevant because had he been working at HFM at the time of the violation as Lt. Torres

---

[2] This term is not defined, but may refer to "Healthcare Facilities Maintenance."

alleged, Petitioner would have had access to all nursing stations and thus could have taken a syringe and established "control" over it, which is necessary to show "possession." Id. at 20. Petitioner further argues this falsehood resulted in him losing 120 days of earned good conduct credits. Id. at 14, 20.

## III.
## DISCUSSION

The Petition appears to suffer from several substantive and procedural defects as discussed below, rendering it subject to dismissal.

### A.  Substantive Defects

Petitioner's sole claim centers on the alleged false statements Lt. Torres made at Petitioner's RVR hearing, which Petitioner argues resulted in the loss of his earned good conduct credits. The Court must thus determine whether: (1) such a claim is cognizable in a federal habeas petition; and, if so, (2) Petitioner has properly stated such a claim.

####     1.    Whether the Claim is Properly Raised in a Habeas Petition

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration fall within the "core" of habeas corpus. Hill v. McDonough, 547 U.S. 573, 579 (2006); Nelson v. Campbell, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to [42 U.S.C.] § 1983 in the first instance." Nelson, 541 U.S. at 643; Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Thus, if success on a habeas claim would not necessarily lead to immediate or earlier release

from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

Here, Petitioner asserts he is entitled to habeas relief because Lt. Torres' false statements at the rules violation hearing resulted in the loss of 120 days of his good conduct credits. Pet. at 3, 14, 20. Further, because Petitioner is sentenced to a determinate fifteen-year sentence (id. at 2), Petitioner's success on this Petition could possibly lead to an earlier release from confinement by restoring his 120 days of earned good conduct credits. See Hash v. Santoro, 2020 WL 1055733, at *2 (N.D. Cal. Mar. 3, 2020) (observing that "[i]f [p]etitioner were serving a determinate sentence, his claim would be cognizable in habeas because the loss of [150 days] of credits would have pushed back his release date, and success on his claim would necessarily shorten his time in custody"). As such, the relief sought appears to properly raised before the Court in the instant Petition.

2. Whether Petitioner Properly Stated a Claim for Habeas Relief

Having determined that Petitioner may raise his claim in a habeas petition, the Court next determines whether the habeas claim is cognizable.

Inmates subjected to prison disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 456 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. See Wolff, 418 U.S. at 563.

An inmate has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566; see also Ponte v. Real, 471 U.S. 491, 495 (1985). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Wolff, 418 U.S. at 566. Prison officials may also explain their reasons limiting an inmate's efforts to defend himself. Ponte, 471 U.S. at 497.

The inmate's disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Wolff, 418 U.S. at 571. Further, the decision rendered on a disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455. A finding of guilt cannot be "without support" or "arbitrary." Id. at 457. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Hill, 472 U.S. at 455-56 and Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)); see also Burnsworth v. Gunderson, 179 F.3d 771, 773 (9th Cir. 1990).

A false accusation of misconduct against an inmate does not violate a right secured by the Constitution or laws of the United States. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding that claims based on the falsity of charges, standing alone, do not state constitutional claims); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("[A] prison inmate has no constitutionally guaranteed immunity from being falsely accused of conduct which may result in the deprivation of a protected liberty interest."); see also

Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) (observing that "[p]risoners have no constitutionally guaranteed right to be free from false accusations of misconduct"). Inmates, however, do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452 (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). Accordingly, the introduction of false evidence at a disciplinary hearing alone is insufficient to establish a cognizable claim for habeas relief under the Due Process Clause so long as the procedural safeguards set forth in Wolff are followed. See Campo v. Prosper, 2009 WL 3112425, at *6-7 (E.D. Cal. Sept. 23, 2009) (finding petitioner not entitled to habeas relief on his claim that a prison official introduced false evidence at his disciplinary hearing because all procedural safeguards were followed and there was some evidence in the record supporting petitioner's guilty finding); see also Martin v. Pfeiffer, 2021 WL 5359684, at *2 (E.D. Cal. Nov. 17, 2021) (finding petitioner failed to allege a cognizable claim for habeas relief because he did not provide factual support for his claims that prison officials falsely accused him of rule violations, which petitioner claimed resulted in loss of good time credits, nor did he allege his disciplinary proceeding was procedurally deficient).

     Here, Petitioner's sole claim is that the state superior court failed to address his claim that Lt. Torres offered false testimony at his disciplinary hearing. As noted, an assertion of false evidence alone does not establish a constitutional violation under the Due Process Clause giving rise to habeas relief. See Ransom v. Herrera, 2016 WL 7474866, at *6-7 (E.D. Cal. Dec. 28, 2016) ("A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." (citation omitted)), report and recommendation

adopted, 2017 WL 1166284 (E.D. Cal. Mar. 28, 2017). Nor does Petitioner contend there were any procedural deficiencies with his disciplinary hearing process. See Pet. at 11 (declaring that Petitioner never filed a claim that his due process rights were violated for not being able to call witnesses at the hearing). In fact, evidence attached to the Petition shows that prison staff informed Petitioner about the RVR shortly after the initial violation, provided Petitioner with advance notice of the RVR hearing, and allowed Petitioner to postpone the RVR hearing date. Id. at 17-19. Facially, the records show adequate procedural protections for a rule violation proceeding. See Campo, 2009 WL 3112425, at *7 (finding that the inmate received adequate due process because he received advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for the disciplinary action taken).

In sum, the Petition does not appear to state a cognizable claim for habeas relief.

**B.     Procedural Defects**

In addition to the substantive defects with the Petition, the Court has also identified several procedural defects.

First, it appears Petitioner used the California State Court's habeas petition form instead of the standard form approved by the Central District of California. The use of non-approved forms violates the rules governing this action. See Habeas Rule 2(d) (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); Central District Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). By failing to use an approved, Petitioner has not, as discussed below, disclosed whether the claim raised in the Petition was raised before the California Supreme Court. Further, in addition to using a state court form, the Petition is

addressed to the Fourth District Court of Appeal, Division 2, a state appellate court, rather than to the federal district court, raising the possibility that Petitioner did not intend to proceed in this Court. See Pet. at 1. The Petition is subject to dismissal for failure to properly use a Court-approved form.

Second, Petitioner did not sign the Petition under penalty of perjury. Habeas Rule 2(c) requires that a habeas petition be signed and verified by the petitioner prior to filing. Accordingly, the Petition is subject to dismissal for not being signed under penalty of perjury.

Third, it appears Petitioner has failed to exhaust his habeas claims in state court. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that a petitioner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of showing that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam).

Here, the Petition shows that Petitioner filed a habeas petition alleging the instant claim in the state superior court Pet. at 6-8. The Petition, however, does not state whether Petitioner presented his claim to the state court of

appeal or the state supreme court.³ A search of the California State Court's electronic records⁴ shows Petitioner may have presented the claim to the state court of appeal,⁵ but not the state supreme court. As such, because the Petition does not state whether Petitioner presented his federal habeas claim to the state supreme court, and because the supreme court's records does not reflect that Petitioner has presented his claim there, it appears the Petition is subject to dismissal for lack of exhaustion. See Barton v. Beddick, 2021 WL 490264, at *3 (E.D. Cal. Feb. 10, 2021), report and recommendation adopted, 2021 WL 1222772 (E.D. Cal. Apr. 1, 2021) (dismissing federal habeas petition because petitioner never presented his habeas claims to the state supreme court).

In sum, in addition to the substantive defects identified above, the Petition suffers from procedural defects in that: (1) Petitioner did not use the Court-approved habeas form to file his Petition, (2) Petitioner did not sign the Petition under penalty of perjury, and (3) it appears Petitioner did not fully exhaust his state court remedies.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, the Petition appears subject to dismissal. As a result, Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not

---

³ As noted, the Central District-approved habeas form contains places for Petitioner to state yes or no as to whether each claim has been exhausted. The Petition does not contain such a claim-by-claim confirmation.

⁴ The Court takes judicial notice of Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

⁵ A record search for Petitioner's name on the state court of appeal's website shows that Petitioner filed a habeas petition in the California Court of Appeal for the Fourth Appellate District, Division Two on January 5, 2022 (case no. E078323), less than a month after the state superior court denied Petitioner's first habeas petition. The search, however, does not show which claims Petitioner raised in that petition.

be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

<u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk also is directed to provide a Form Notice of Dismissal with this Order.</u>

Petitioner is cautioned that a failure to file a timely compliant response to Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: July 27, 2022

_____
JOHN D. EARLY
United States Magistrate Judge